UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVIS SIMMONS, | § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 4:15-CV-01010 |
| SAIA MOTOR FREIGHT LINE LLC, | § § | |
| Defendant. | § § | |

## AMENDED ORDER[1]

Before the Court is Defendant SAIA Motor Freight Line, LLC's Motion for Summary Judgment (Doc. #16), Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. #17), and Defendant's Reply (Doc. #20). After reviewing counsels' arguments and the applicable legal authority, this Court grants Defendant's Motion for Summary Judgment.

**I. Background**

Plaintiff has voluntarily dismissed all claims except his Age Discrimination in Employment Act ("ADEA") claim. Accordingly, the Court will not consider Plaintiff's other claims.

Plaintiff was born in September of 1951, meaning he was sixty-one years old at the time of his termination. Plaintiff was first employed by SAIA as a dock worker on or about October 21, 1976. In approximately 1980, after obtaining his commercial driver's license ("CDL") he became a "city driver" for Defendant. Plaintiff remained a city driver until approximately 2009 when he was first assigned line haul routes. During his time as a city driver, Plaintiff was

---

[1] This Order is an amendment to the Court's December 19, 2016 Order and is entered in light of Plaintiff's Motion for New Trial or Alternatively to Correct the Order Granting Summary Judgment (Doc. #28), and Defendant's Response (Doc. #29). The Court determines that Plaintiff's four declarations attached as Summary Judgment evidence were properly supported. The Defendant does not oppose the Court correcting the Order to reflect the same. Accordingly, Plaintiff's Motion (Doc. #28) is granted as to the corrections provided for herein and is otherwise denied.

involved in three separate accidents on: January 19, 2006, March 28, 2006, and October 7, 2008. Sam Lynch, Regional Sales Manager for the Houston, Texas Regions, conducted the internal investigation on behalf of Defendant for each of these accidents and determined that each incident was "preventable."

On or about October 24, 2008, after Plaintiff's third "preventable" accident, Plaintiff was issued a "Performance Improvement Plan" (PIP), which was signed by Dwayne Neff, Houston, Texas Terminal Manager. At that time, Plaintiff was advised that if further improvement in his driving was not shown, his employment could be terminated. Plaintiff testified that he never felt Neff discriminated against him.

Shortly afterwards, on November 10, 2008, Plaintiff was issued another PIP for exceeding the speed limit in a construction zone. In 2009, after Plaintiff became a line haul driver, Plaintiff was again involved in another "preventable" accident on October 29, 2011.[2] While all of these accidents were preventable, none were considered as serious by the company.

However, on November 1, 2012, Plaintiff was involved in his first serious accident. Plaintiff claimed that another vehicle ran in front of him on the highway and in the process of avoiding a collision, he was forced to pull to the right off of the road and onto the shoulder. He alleges that when he tried to come back on the road, his trailer flipped over and became disconnected from the lead tractor.

Defendant conducted an independent investigation and reached a result that was at odds with Plaintiff's story. The accident investigation was done by Sherman McCabe, Regional Sales Manager for the Memphis, Tennessee Region. McCabe had never met or had any dealings with

---

[2] October 29, 2011 and October 24, 2011, are both cited as dates for preventable accidents. The Court is led to believe this is in fact the same accident.

2

Plaintiff before this investigation. Plaintiff relayed his story about the accident to McCabe. Nevertheless, McCabe reached the conclusion that Plaintiff was not forced off the road, but rather, Plaintiff had fallen asleep at the wheel.

The investigation report was then reviewed by Tom Lillywhite, Regional Human Resources Manager. Lillywhite was the HR management representative responsible for making the termination decision in November 2012. Lillywhite reviewed Plaintiff's handling of the situation, including whether the brakes had been properly applied during the accident.

This accident, as opposed to Plaintiff's previous accident was considered a "major accident" by SAIA. Pursuant to SAIA policy, drivers involved in an accident classified as a "major accident" could be immediately terminated. At least 10 other drivers had also been terminated as a result of major accidents, including drivers under the age of 40.

Further, at SAIA, any termination decision was ultimately made by a representative of Defendant's Human Resources Department. Based on the investigation of the accident, Lillywhite, the Regional Human Resources Manager, gave Plaintiff the choice of resigning or being fired. Plaintiff maintained he had done nothing wrong and was subsequently fired by Lillywhite.

Approximately one week after Plaintiff's termination on November 28, 2012, Plaintiff completed an Appeal Review Committee Request Form. In the Form, Plaintiff alleged that "this accident should not have caused me to be terminated. These local supervisors Delbert Breyer and Sam Lynch hate me with a passion." Plaintiff did not raise any concern that his termination was based on his age.

## II. Legal Standards

### A. Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56 burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540

4

(quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

### B. ADEA

The ADEA prohibits employers from discriminating against any individual with respect to his compensations, terms, condition, or privileges of employments because of his age. 20 U.S.C. § 623(a)(1). A plaintiff asserting a claim under the ADEA can either offer direct evidence of age discrimination, or utilize the indirect, circumstantial method of proof first announced in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 (1973).

Direct evidence of discrimination is that evidence which, if believed, would prove the existence of a fact without any inferences or presumptions. *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 958 (5th Cir. 1993). For a statement to suffice as direct evidence of discrimination, the statement must directly suggest the existence of bias and it must not be subject to interpretation as anything other than a reflection of bias. *Mooney v. Aramco Svcs. Co.*, 54 F.3d 1207, 1217 (5th Cir. 1995) (citing *Davis v. Cheveron U.S.A. Inc.*, 14 F.3d 1032, 1084 (5th Cir. 1994)); *see also aestas v. Apple, Inc.*, 546 Fed.Appx. 422, 427–28 (5th Cir. 2013) ("A comment demonstrates an employer's discriminatory intent if it is direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was an impermissible factor in the decision to terminate the employee.")

Plaintiff may also prove his case under the ADEA by way of the *McDonnell Douglas* framework. Pursuant to *McDonnell Douglas*, Plaintiff must first make a prima facie showing of age discrimination. A prima facie case of age discrimination entails a showing that (1) Plaintiff suffered an adverse employment action; (2) the plaintiff was qualified for the position; (3) he

was within the protected class at the time of the adverse employment action; and (4) the plaintiff was (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age. *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007).

Upon such a showing the burden reverts to Defendant to put forth evidence of legitimate, non-discriminatory reasons for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802. If such a showing is made, the ultimate burden reverts back to Plaintiff. *Id.* In such case, the plaintiff must show that the reason for termination was actually pretext for discrimination.

### III. Analysis

#### A. Direct Evidence

In the present case, Plaintiff contends he was fired for age discrimination. As evidence of this supposed discrimination, Plaintiff cites several alleged statements by SAIA employees regarding his age. On May 23, 2012, Plaintiff contends Sam Lynch, Safety Manger, told Plaintiff that SAIA was spending too much money on him and that he had too many injuries. Doc. #17 at 2. He further is alleged to have said "SAIA is getting rid of all you old bucks and bringing in young bucks to take your place." *Id.*

On May 30, 2012, Plaintiff alleges that Don Langford, Assistant Terminal Manager told Plaintiff, "Travis, don't you think it's time to retire," and later on that evening Langford told Plaintiff and his wife that it was time to start thinking about retiring because "time may not be on your side." *Id.* at 3. Langford also allegedly indicated there had never been a black driver to retire from SAIA's Houston Terminal. *Id.* at 4.

Lastly, Plaintiff alleges in an affidavit that Delbert Breyer told Plaintiff that he should retire before SAIA replaced him with a younger driver. *Id.* In order to constitute direct evidence of

6

discrimination, remarks must be made by "an individual with authority over the employment decision at issue," *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir.1996), or by someone in the position to influence the employment decision. *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 578 (5th Cir.2003) (per curiam). Though Breyer was a local supervisor, Plaintiff has not presented sufficient evidence to show that he was directly involved in Plaintiff's termination or that he had influence over it. Likewise, Plaintiff has not presented evidence that Lynch or Langford were involved with, or had any influence over, the termination decision. Accordingly, because the evidence before this Court shows no one who was involved with Plaintiff's termination made comments about his age, Plaintiff has no direct evidence of discrimination. Thus, Plaintiff's case relies on his ability to establish a *prima facie* case of discrimination.

### B. *Prima Facie* Case

Defendant contests the second and fourth factors of Plaintiff's *prima facie* discrimination claim. Turning to the second factor, Plaintiff must provide evidence that he was qualified for the position. Defendant contends that Plaintiff is no longer qualified for his job because of his involvement in a "major accident." That is, the wreck had rendered him unqualified. However, this Court disagrees. Plaintiff had been performing his current work for several years. While his involvement in a major accident could create a reason for termination, it did not necessarily render him "unqualified."

Turning to the fourth factor, Plaintiff must produce evidence that he was (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age. Plaintiff has not alleged any facts about Plaintiff's replacement, but instead intends to show that Plaintiff was "otherwise discharged because of his age." As evidence of this age discrimination, Plaintiff highlights statements made by persons at the company. *See supra.*

However, the investigation of the accident was made by an investigator who had never known nor encountered Plaintiff, McCabe. McCabe worked for Defendant in Memphis, Tennessee, nowhere near the Texas region. Additionally, Lillywhite was the Human Resources Manager who made the call regarding Plaintiff's termination. And even Plaintiff has testified Lillywhite never made comment about his age.

Because of the neutrality of these principal players and the lack of evidence regarding their discrimination, Plaintiff cannot prove that he was otherwise terminated for his age. However, even assuming he could, Defendant has cited Plaintiff's major accident as a legitimate, non-discriminatory reason for termination. Defendant has further alleged, and Plaintiff has not rebutted, the fact that at least 10 other drivers have been terminated as a result of a major accident.

While Plaintiff disputes the investigation's findings, such a dispute has no relevance to the discrimination question before this Court. It is undisputed that the investigation done by McCabe reached the conclusion that Plaintiff had fallen asleep. Thus, because of a legitimate, non-discriminatory action, the ultimate burden rests with Plaintiff to show that the major accident was actually pretext for age discrimination. And again, because of the lack of evidence of discrimination from those persons who exercised the authority to terminate Plaintiff, Plaintiff cannot meet his burden.

## IV. Conclusion

Accordingly, because Plaintiff has not presented sufficient evidence of discrimination, Defendant's Motion for Summary Judgment is GRANTED.

It is so ORDERED.

FEB 1 6 2018
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

8